TIMOTHY D. BARROW, ESQ.
148 Main Street
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------------
SIACI SAINT HONORE,

                            Plaintiff,      :   CIVIL ACTION No.

      v.

CARGO SOLUTION EXPRESS INC., and         **COMPLAINT**
EFFECTIVE LOGISTICS MANAGEMENT, INC.,

                         Defendants.   :
-------------------------------------------------------------------

The Plaintiff herein, by their attorney, Timothy D. Barrow, complaining of the above Defendants, pleading upon information and belief as follows:

### THE PARTIES

1. At and during all times hereinafter mentioned, Plaintiff  SIACI SAINT HONORE, is a corporation or other business entity duly organized and existing under and by virtue of the laws of a foreign country and does  business pertaining to claims in the United States through Marsh JLT Specialty which has an office and place of business at 540W. Madison, Suite 1200, Chicago, Illinois 60661.

2. At and during all times hereinafter mentioned, Defendant CARGO SOLUTION EXPRESS INC., (hereinafter referred to as "CARGO SOLUTION") is a corporation or other business entity organized and existing under and by virtue of the laws of the State of California with its principal place of business located at 14587 Valley Boulevard, Fontana, CA 92335. Said Defendant does business in New Jersey, is authorized to operate in the State of New Jersey by  the Federal Motor Carrier Safety Administration (FMCSA) and has designated Nenita Kilper, 15 De Normandie

Avenue, Fair Haven, NJ 07704 as its agent for service of process listed by the blanket service company 1+ 49 Process Agents LLC pursuant to federal regulation.

3. At and during all times hereinafter mentioned, Defendant EFFECTIVE LOGISTICS MANAGEMENT, INC. (hereinafter referred to as "EFFECTIVE LOGISTICS") is a corporation or other business entity organized and existing under and by virtue of the laws of the Commonwealth of Massachusetts with its principal place of business located at 205 West Grove Street, Middleborough, MA 02346. Said Defendant does business in New Jersey, is authorized to operate in the State of New Jersey by the FMCSA and has designated James Corsey, 600 Birchfield Road, Suite 601, Mount Laurel, NJ 08054 as its agent for service of process listed by the blanket service company Truck Process Agents of America, Inc. pursuant to federal regulation.

4. Plaintiff brings this action as authorized agent of the subrogated insurers of the subject cargo in suit and is entitled to maintain this action and also does so for and on behalf of the shipper, consignee and/or owner of the subject cargo as their interests may appear, including any applicable deductibles.

5. Defendant CARGO SOLUTION is a FMCSA authorized operating common carrier, contract carrier and/or property carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

6. Defendant EFFECTIVE LOGISTICS is a registered FMCSA transportation property broker pursuant to 49 U.S.C. § 13904 and who sells, arranges, provides for, and/or contracts with authorized motor carriers determined fit to perform the transportation of cargo in interstate commerce for the benefit of certain shippers and/or consignees.

## JURISDICTION AND VENUE

7. Plaintiff's causes of action and claims are within the original jurisdiction of this Honorable Court arising under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 and also pursuant to 28 U.S.C. § 1337(a). The Court may also exercise jurisdiction over the matters herein under this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Venue is proper and appropriate for this action pursuant to 49 U.S.C. § 14706 (d) against the contracted delivering carrier Defendant CARGO SOLUTION who operates within this District. Venue is also proper pursuant to 28 U.S.C. § 1391 (c) as the said Defendants are subject to personal jurisdiction in this District at the time of commencement of suit and under 28 U.S.C. § 1391(b)(2) as a substantial part of the events and/or omissions giving rise to these claims occurred in this judicial district.

## THE FACTS

9. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 8 of the within Complaint in their entirety, as if set forth herein at length.

10. On or about June 21, 2019 Defendant CARGO SOLUTION received 24 pallets consisting of 515 cases of cosmetics in good order, condition and quantity at Thibiant International in Chatsworth, California on behalf of Plaintiff's insured(s) stowed in sealed trailer for interstate transport for delivery to consignee Fresh Inc. in Cranbury, New Jersey for consideration of certain agreed freight paid or to be paid upon confirmation of delivery.

11. On or about June 21, 2019 Defendant CARGO SOLUTION also received 3 pallets consisting of 367 cases of cosmetics in good order, condition and quantity at Thibiant International in Chatsworth, California on behalf of Plaintiff's insured(s) stowed in sealed trailer for interstate

transport for delivery to consignee Hatteras on behalf of Fresh Inc. in Tinton Falls, New Jersey for consideration of certain agreed freight paid or to be paid upon confirmation of delivery.

12. Defendant CARGO SOLUTION or those acting on their behalf or at said Defendant's direction took possession of the subject cargos in the same good order, quantity and condition as received at Chatsworth, CA pursuant to master bills of ladings MB00028326 (515 cases) and MB00028325 (167 cases) and/or receipts for the interstate transportation by motor carrier to New Jersey on June 21, 2019.

13. While in route during Defendant CARGO SOLUTION's transport to final destination, the subject truck and trailer crashed on Interstate 76 in Brush Creek Township, Pennsylvania on June 25, 2019 due to the truck driver driving too fast for the rainy conditions at the time. The tractor and trailer left the roadway, struck a guard rail and rolled down the adjacent hillside flipping over when they came to rest.

14. The subject cargos were retrieved by Breezewood Transfer LLC and stored in roll off dumpsters outside Breezewood transfer facility in Breezewood, Pennsylvania.

15. After written invitations to joint survey the cargo were sent to Defendants on July 25, 2019, an inspection by Plaintiff's surveyor was convened at Breezewood's facility on July 30, 2019.

16. Subsequent to the survey of July 30, 2019 of the subject cargos, it was determined that the cargo was physically damaged to the extent that the same had little to no salvage value. Plaintiff's surveyor recommended the entire subject cargos be disposed and destroyed.

17. Pursuant to instructions received, Weaver's Sanitation Service of Breezewood, Pennsylvania disposed of the cargo of cosmetics at Sandy Run Landfill in Hopewell, Pennsylvania on August 22, 2019 and issued a Certificate of Destruction.

18. The retail price for the damaged and destroyed cargo was calculated to be $1,137,207.00.

19. However, Plaintiff's insured had given their customers substantial discounts off the retail selling price which adjusted the subject cargo loss downward to $461,700.62 including the insurance deductible.

20. The Motor Cargo Liability Insurance Policy for Defendant CARGO SOLUTION was reported to have been subject of a "binder" with a limit of $250,000 with a $5,000 deductible in effect when this loss occurred. No motor truck cargo insurance policy number was ever provided.

21. At the time of the issued Rate Confirmation Pro # 69449 issued by Defendant EFFECTIVE LOGISTICS on June 21, 2019, Defendant CARGO SOLUTION agreed that it was to perform transport services for Defendant EFFECTIVE LOGISTICS in exchange for a flat freight charge of $4,800.

22. In the Rate Confirmation, Defendant CARGO SOLUTION also "agrees that it maintains its own current cargo liability and comp insurance." In addition, an original Certificate of Insurance naming EFFECTIVE LOGISTICS as a certificate holder, a copy of ICC authority and this contract (i.e. a signed and returned Confirmation) must be on file before payment date and was to be faxed back by Defendant CARGO     SOLUTION. None of this was ever done. Or these obligations were never completed between the Defendants which were for the benefit of the Plaintiff in performance of the brokering of the subject shipments for transportation.

23. For a number of years in business with Plaintiff's insured Fresh Inc., Defendant broker EFECTIVE LOGISTICS knew that it was arranging and contracting for the interstate transportation of high-end, high monetary value cosmetic products with FTL (full trailer loads) having retail values in the range of several hundred thousands of dollars and often over a million dollars requiring sufficient matching cargo liability insurance coverage limits.

24. In such instances, a dedicated trailer was to be used to transport only Fresh Inc. products without any other shipper's cargo being placed in the same trailer. There is no evidence that any instruction was issued by Defendant EFFECTIVE LOGISTICS to Defendant CARGO SOLUTION in this regard.

25. Plaintiff, Plaintiff's and its insured have duly performed all duties and obligations on their part to be performed.

## PLAINTIFF'S CAUSE OF ACTION AGAINST DEFENDANT CARGO SOLUTION

## COUNT ONE – CARRIER LIABILITY UNDER THE CARMACK AMENDMENT FOR CARGO LOSS AND DAMAGE

26. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 25 of the within Complaint in their entirety, as if set forth herein at length.

27. Defendant CARGO SOLUTION's failure to transport, secure and/or store as well as to deliver the subject cargo of cosmetics from Thibiant in Chatsworth, CA to Cranbury and Tinton Falls, New Jersey and/or to consignee Fresh Inc. or their designated receiver in the same good order, quantity and condition as received were caused by Defendant CARGO SOLUTION and/or its agents and/or servants' failures to properly perform and/or negligently perform the interstate contract of carriage of the subject cargo that was owed to the shipper, consignee and/or owner of said cargo as an interstate motor carrier of same that resulted from their conduct or omissions to properly receive, store, secure, carry, transport, deliver and/or care for the subject cargo for which CARGO SOLUTION is liable under the Carmack Amendment as motor carrier or otherwise as provided by statute.

28. By reason of the premises, Plaintiff and its insured by Fresh Inc.'s deductible have sustained actual damages in the amount of $461,700.62 which is the discounted retail value of the cargo which has been demanded but not paid.

**PLAINTIFF'S CAUSES OF ACTION**
**AGAINST DEFENDANT EFFECTIVE LOGISTICS**

**COUNT I – BREACH OF CONTRACT**

29. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 25, and 40 – 46 & 49 of the within Complaint in their entirety as if set forth herein at length.

30. Defendant EFFECTIVE LOGISTICS's failures to have properly arranged, provided and contracted for the transportation of the subject high-value cargos for delivery to destination in the same good order and condition as received in adhering to their expressed obligations for the motor carrier were breaches of contract to Plaintiff and its consignee insured of said cargos as well as third party beneficiaries of the contract between Defendants.

31. Defendant EFFECTIVE LOGISTICS's failure to have properly arranged, provided and contracted for the transportation of the subject high-value cargos with sufficient motor truck cargo liability insurance limits to cover any total loss were breaches of contract to Plaintiff and its consignee/owner insured of said cargos.

32. Defendant EFFECTIVE LOGISTICS knew or should have known that in light of any binder for any motor truck cargo insurance supposedly obtained by Defendant CARGO SOLUTION rendered the subject cargos massively underinsured and was a breach of contract to Plaintiff and its consignee/owner of said cargos. In addition, Defendant EFFECTIVE LOGISTICS failed to inquire as to the approximate monetary value of the subject shipments from Plaintiff's insured Fresh Inc. to ensure appropriate motor cargo insurance was obtained and in place for the motor carrier selected for the intended transportation.

33. The contractual obligations owed by Defendant EFFECTIVE LOGISTICS to Plaintiff and its insured consignee/owner of the said cargos, whether express and/or implied, were established over 20 years in the course of dealing, usage and brokerage services rendered

7

between them including the benefits of compliance with requirements established for the brokerage service between broker and motor carrier. In addition, the conduct and omissions described in paragraphs 40-46 and 49 of the within Complaint constitute obligations owed to Plaintiff and are breaches of contract between Plaintiff/Plaintiff's insured and Defendant EFFECTIVE LOGISTICS.

34. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $461,700.62.

## COUNT II – NEGLIGENCE

35. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 25 of the within Complaint in their entirety as if set forth herein at length.

36. As a registered FMCSA property transportation broker, Defendant EFFECTIVE LOGISTICS owed a duty of care to the owner and/or consignee to properly arrange, provide and contract for the interstate transportation of the subject high-value cargos for delivery to destination in the same good order and condition as received.

37. The failures to properly arrange, provide and contract for the interstate transportation of the subject high-value cargos with sufficient motor truck cargo liability insurance through to delivery to destination in the same good order and condition are breaches of Defendant EFFECTIVE LOGISTICS's duties and obligations of care which was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

38. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $461,700.62.

## COUNT III – NEGLIGENT HIRING OF MOTOR CARRIER

39. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 38 of the within Complaint in their entirety as if set forth herein at length.

40. Defendant EFFECTIVE LOGISTICS arranged for the transportation of the subject shipments as a FMCSA property broker by hiring Defendant motor carrier CARGO SOLUTION on or before the date of shipment of the subject cargo.

41. Defendant CARGO SOLUTION did not have any cargo insurance on file with the FMCSA at the time of the shipment in June 2019 or thereafter.

42. Defendant CARGO SOLUTION had a binder for motor truck cargo insurance purported to be effective between October 1, 2018 and October 1, 2019.

43. Defendant EFFECTIVE LOGISTICS failed to obtain the necessary information and confirm that Defendant CARGO SOLUTION had proper cargo insurance that would confirm coverage for the transportation of the subject shipments.

44. Defendant EFFECTIVE LOGISTICS failed to adhere to industry guidelines and its own guidelines in the hiring, selection, and retention of Defendant motor carrier CARGO SOLUTION for the purpose of effecting safe, reliable and professional transport services in regard to the subject shipments identified by the master bills of lading.

45. As transportation property broker, Defendant EFECTIVE LOGISTICS owed a duty of care and due diligence to the owner, shipper and/or consignee when hiring, selecting and/or retaining Defendant CARGO SOLUTION for the interstate motor transport of the subject shipments.

46. The failure to exercise care and due diligence by Defendant EFFECTIVE LOGISTICS in the hiring, selection and/or retention of Defendant CARGO SOLUTION to perform the interstate transportation services, including but not limited to EFFECTIVE LOGISTIC's failure to adhere to industry guidelines and its own guidelines in hiring, selection and retaining a fit motor carrier, as well as also ensuring proper insurance was in place before entering into its agreement with Defendant CARGO SOLUTION to safely transport and insure the subject cargos is a breach of Defendant TQL's duties and obligations of care as transportation property broker and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

47. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $461,700.62.

### COUNT IV – NEGLIGENT ENTRUSTMENT OF PROPERTY

48. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 47 of the within Complaint in their entirety as if set forth herein at length.

49. The failure to exercise care and due diligence by Defendant EFFECTIVE LOGISTICS in entrusting Plaintiff insured's subject shipment to Defendant CARGO SOLUTION who was an unfit motor carrier to perform the interstate transportation services based upon "binder" without any ascertainment of an insurance policy number as well as the failure to obtain proper insurance and coverage limits, *inter alia*, are breaches of Defendant EFFECTIVE LOGISTIC's duties and obligations of care as a transportation property broker and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

50.     By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $461,700.62.

       WHEREFORE,  Plaintiff demands:

1.     That process in due form of law according to the practice of this Court may issue against the named Defendants;

2. That a decree and judgment may be entered in favor of Plaintiff against the Defendants, individually, jointly and severally, for the amount of Plaintiff's actual and full damages in the amount of $461,700.62 or the total damages to be established at trial, together with pre-judgment interest from June 25, 2019 as well as post-judgment interest and costs;  and

3. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

                                                                                                                   ___s/ Timothy D. Barrow_____
                                                                                                             TIMOTHY D. BARROW
                                                                                                              Attorney for Plaintiff

Dated:  June 30, 2020
       Lebanon, New Jersey